U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 0 2 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KENNETH SNYDER and SHERRY SNYDER     PLAINTIFFS

VS.     NO. CV-2010- 2031

MEDICREDIT, INC d/b/a THE OUTSOURCE GROUP,
a/k/a MEDICREDIT CORPORATION     DEFENDANT

## COMPLAINT

Come now the Plaintiffs, by their undersigned counsel, and for the Complaint, state:

1. The Plaintiffs were at all times material hereto, residents of the State of Arkansas.

2. The Defendant is a corporation organized under the laws of the State of Missouri, duly registered to do business in the State of Arkansas, whose agent for service is the Corporation Service Co., 300 Spring St., Ste. 900, Little Rock, AR 72201, who does business under the name The Outsource Group.

3. This Court has jurisdiction of the persons of the parties.

4. The Defendant is a debt collector under the terms of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692—1692p, (hereafter referred to as the "FDCPA") and engaged in collection activities in the State of Arkansas over a period of time during all times material hereto, about which the Plaintiffs complain.

5. This Court has jurisdiction of the subject matter hereof pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

6. Commencing on or about March 9, 2009 and continuing through at least June 29, 2009, the Defendant, by its various agents, communicated with Plaintiffs as a debt collector for Sparks Regional Medical Center.

7. The Defendant, by its various agents, on at least eleven occasions, in communicating with the Plaintiffs, failed to give the required mini-Miranda that the call was initiated by a debt collector and that any information received would be used for that purpose, in violation of the express provisions of the "FDCPA".

8. The Defendant, by its various agents, on at least nine occasions, continued to communicate with the Plaintiffs, though the Defendant was advised that Plaintiffs were represented by an attorney, in violation of the express provisions of the "FDPCA".

9. The Defendant, by its various agents, in communicating with the Plaintiffs on more than fifteen occasions engaged in deception in as to the date of referral of the debt to the debt collector, as to whether payments would be accepted, as to the possibility of settlement and the process of garnishment of wages or bank accounts of the Plaintiffs, as to settlement or discount associated with settlement of the account, as to the identity of the debt collector, as to responsibility for attorney fees, all in violation of the express provisions of the "FDPCA".

10. The Defendant, by its various agents, communicated with the Plaintiff at his place of employment on at least one occasion, having known at the time, or reasonably should have known, that the Plaintiff's employer prohibited personal telephone calls, in violation of the express provisions of the "FDPCA".

11. The Defendant, by its various agents, communicated with Plaintiff's employer for a purpose other than those purposes listed in 15 U.S.C. §1692b, and did so with the primary

purpose to apply additional pressure to the Plaintiff in an effort to collect a debt, such communication being in violation of the express provisions of the "FDPCA".

12. The Defendant, by its various agents, engaged in threatening litigation, judgment, garnishment and calls to Plaintiffs employment on more than twenty eight occasions, in violation of the express provisions of the "FDPCA".

13. The actions of the Defendant have damaged the Plaintiffs, who seek judgment against the Plaintiffs in an amount to be determined at trial, and further Plaintiffs seek injunctive relief, enjoining and prohibiting the Defendant from violating the provisions of the "FDPCA".

14. The Plaintiff are entitled to a reasonable attorneys fee for the prosecution of this action.

15. **PLAINTIFFS DEMAND TRIAL BY JURY.**

WHEREFORE, Plaintiffs pray for judgment against the Defendant in an amount commensurate with the proof at trial, for injunctive relief as stated above, for their attorney fees, costs, and all other proper relief.

KENNETH SNYDER and SHERRY SNYDER, Plaintiffs

By: _____
R. Kevin Barham, ABN 83015
Attorney for Plaintiffs

Barham Law Office, P.A.
111 E. Walnut St.
Paris, AR 72855
(479) 963-3996